**UNITED STATES of America,**
Appellee,

v.

**Luis JORGE–PRIETO,[1] Defendant–Appellant.**

**No. 06–3009–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 19, 2008.

Katherine alfieri, White Plains, NY, for Defendant–Appellant.

W.S. Wilson Leung, Assistant United States Attorney, (Diane Gujarati, Assistant United States Attorney, of counsel) for Michael J. Garcia, United States Attorney for the Southern District of New York, NY, for Appellee.

---

1. The official caption should be amended to identify the appellant as "Luis Jorge-Prieto."

Present: Hon. WALKER, Hon. ROBERT A. KATZMANN, and Hon. JOHN R. GIBSON,\* Circuit Judges.

### SUMMARY ORDER

Defendant Luis Jorge–Prieto ("Jorge–Prieto") appeals from a judgment of conviction entered June 14, 2006 in the United States District Court for the Southern District of New York (Hellerstein, *J.*). Jorge–Prieto pleaded guilty to conspiracy to distribute over one kilogram of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. He received a 70–month prison sentence. We assume familiarity with the facts, the record of prior proceedings, and the issues on appeal.

As an initial matter, we find no support for the claim that the district court violated Rule 32(i)(1)(A) by failing to confirm that Jorge–Prieto had reviewed the Pre-Sentence Investigation Report ("PSR") with his attorney. At sentencing, Judge Hellerstein could not have been more patient, repeatedly offering Jorge–Prieto the opportunity to postpone, even as counsel attempted to move the proceedings ahead. After taking a moment to confer with counsel, Jorge–Prieto averred that he had reviewed the PSR and wished to go forward. Any arguments to the contrary simply are not persuasive.

We are likewise puzzled by the claim that Jorge–Prieto was not permitted to make a statement at sentencing. The record confirms that Jorge–Prieto delivered unusually lengthy remarks, which he concluded by saying, "Thank you for your attention, your honor." If Jorge–Prieto is arguing that a defendant is entitled to the last word, not simply the opportunity to be heard, he labors under a serious miscon-

---

\* The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

ception. Criminal sentencings are not "platform[s]" for defendants to filibuster and deliver "diatribe[s]" to the judge. *United States v. Mitchell*, 392 F.2d 214, 216 (2d Cir.1968).

Finally, we are not persuaded by Jorge–Prieto's challenges to his within-Guidelines sentence. As a courier, he was "indispensable to the smuggling and delivery of drugs and their proceeds," *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir.1990), and his Guidelines range reflected only the heroin in his luggage at the time of his arrest, in spite of the fact that he knew full well the scale of the smuggling operation he had joined. (Indeed, Jorge–Prieto contends on appeal that his knowledge was so substantial as to warrant a reduction in sentence.) Accordingly, it was not clear error for the district court to reject Jorge–Prieto's "self-serving characterizations of his role in [the] offense" and deny him a minor role adjustment. *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir.1993).

As for the remaining challenges, at bottom, Jorge–Prieto's objection is not that the district court misunderstood its discretion to impose a non-Guidelines sentence (a suggestion that finds no support in the record), but rather that it did not arrive at the result Jorge–Prieto wanted. We have said that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances" and that review for reasonableness does not "entail the substitution of our [own] judgment for that of the sentencing judge." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006). Having reviewed the record, and the reasons given by the district judge, we cannot say that this Guidelines sentence was outside the range of reasonableness.

The judgment of the district court is hereby **AFFIRMED**.